IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**RUBBY JAMES GRAY**                                                                                       **PLAINTIFF**
**ADC #500127**

v.                                           No: 5:18-cv-00289 KGB-PSH

**JOE PAGE,** *et al.*                                                                                   **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following proposed Findings and Recommendation have been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Plaintiff Rubby James Gray filed a complaint pursuant to 42 U.S.C. § 1983 and an application to proceed *in forma pauperis* on November 13, 2018. Doc. Nos. 1 & 2. Gray is incarcerated at the Delta Regional Unit in the Arkansas Department of Correction ("ADC").

Gray is a three-striker under the Prison Litigation Reform Act ("PLRA"). The following cases filed by Gray were dismissed for failure to state a claim: *Gray v.*

*Kennemore,* No. 3:01-cv-00266-BRW; *Gray v. Bristrow,* 3:17-cv-00279-JLH; and *Gray v. Black,* No. 3:17-cv-00293-BSM.  As a three-striker, Gray is not able to proceed *in forma pauperis* unless he can demonstrate that he was in imminent danger of serious physical injury when he filed his complaint.  28 U.S.C. § 1915(g); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998).  The United States Court of Appeals for the Eight Circuit has clarified that the imminent danger exception applies only when there is a genuine risk of an "ongoing serious physical injury." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (holding that the imminent danger exception did not apply when a prisoner was forced to work outside in extreme weather conditions that did not result in any serious physical injuries).  *See also Ashley*, 147 F.3d at 717 (holding that the imminent danger exception applied when prison officials continued to place a prisoner near his enemies who had previously stabbed him); *McAlphin v. Toney*, 281 F.3d 709, 710-11 (8th Cir. 2002) (holding that the imminent danger exception applied where inmate alleged deliberate indifference to his serious medical needs that resulted in five tooth extractions and a spreading mouth infection requiring two additional extractions).

   Gray sues defendants at the ADC's Tucker Unit.  Gray alleges that the water in his cell was contaminated for eight days beginning on September 16, 2018.  Doc. No. 2 at 3.  He claims he was forced to shower in the water and breathe sewer fumes during this time.  *Id.*  He also claims he had to drink the water until uncontaminated water was brought in on September 19, 2018.  *Id.*  Gray alleges he suffered medical problems as a result and was not treated.  *Id.*  Gray also describes an unrelated incident in which an inmate named Boo told other inmates he had "beat them out of 3,000 dollars worth of drugs." *Id.*

2

The Court finds that the facts alleged in this case do not demonstrate that Gray was in imminent danger of serious physical injury when he commenced this action. Gray sues defendants at the Tucker Unit, but on October 11, 2018, he was transferred to the ADC's Delta Regional Unit. *See Gray v. Bowers, et al,* No. 3:17cv00323, Doc. No. 47. Gray's complaint makes no allegations concerning ongoing events at the Delta Regional Unit. Because Gray has not alleged sufficient facts to show that he is in imminent danger of serious physical injury, his motion to proceed *in forma pauperis* should be denied and his complaint dismissed without prejudice.

IT IS THEREFORE RECOMMENDED THAT:

1. Gray's motion for leave to proceed *in forma pauperis* (Doc. No. 1) be DENIED, and this case be DISMISSED WITHOUT PREJUDICE.

2. Gray be given thirty days to reopen the case by paying the $400 filing and administrative fees in full and filing a Motion to Reopen.

DATED this 15th day of November, 2018.

_____
UNITED STATES MAGISTRATE JUDGE